(C. D. 1029)

GUY B. BARHAM CO. (A. SENSENBRENNER SONS) *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 16, 1946)

*Lawrence, Tuttle & Harper* (*Lawrence A. Harper* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector* and *Richard F. Weeks*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: A shipment of stemmed filler tobacco, a product of Cuba, was entered for warehouse on September 21, 1942, and

withdrawn on September 25, 1942. Upon withdrawal, duty was assessed and collected thereon at the rate of 20 cents per pound under paragraph 601 of the Tariff Act of 1930, as modified by the supplemental Cuban Trade Agreement (T. D. 50541). Said trade agreement continued in effect the quota limitation on tobacco entitled to the reduced rate during the calendar year, which had been in effect under earlier trade agreements with Cuba. On April 10, 1943, more than 5 months after liquidation, the collector attempted to reliquidate the entry and assessed duty at the rate of 40 cents per pound. He thereupon made demand upon the importer for payment of the sum of $5,434.80, which he designated as increased duties. This attempted reliquidation was made in spite of the provision in section 514 of the Tariff Act of 1930 which makes liquidation final "upon all persons (including the United States and any officer thereof)" unless a protest is filed within 60 days thereafter. There is no claim of clerical error or fraud. The deputy collector in charge of the liquidating division at the port of entry testified that

The reason for the reliquidation was that at the time of the liquidation, through an oversight, our office was not aware of the fact that the quota had been consumed

under the Cuban Trade Agreement. He stated that the mistake occurred because his office overlooked information received in a circular letter from the Customs Information Exchange.

The importer on July 7, 1943, almost 3 months after the demand for payment, wrote to the Commissioner of Customs requesting that the demand for increased payment be canceled. At that time, said importer enclosed check made payable to the collector in payment of the amount demanded with the request that it be held in a special deposit until the merits of the case could be considered by the Commissioner. On January 19, 1944, the importer was informed by the collector that (1) the check was covered into the Treasury in accordance with the provisions of section 512 of the Tariff Act of 1930, and (2) the Customs Bureau advised that although the reliquidation was void as a matter of law, no timely protest having been filed against such reliquidation, there was no basis for correcting the error by a re-reliquidation.

The importer filed these two protests against the collector's action, which were consolidated for trial. Motions to amend the pleadings were filed in each case. Government counsel objected to the amendments on the ground that the matter sought to be inserted does not properly belong in the protest and is not covered by the original protest. Decision on the motions was reserved in order that argument could be presented in support of the objection.

For purposes of clarity we will consider the protests separately.

Protest 107734–K, filed August 9, 1943, is directed against the liquidation of the collector or his "decision assessing, imposing or collecting duty, fees, or other exactions" and gives the reasons for objection as follows:

Your purported reliquidation is null and void as the same is more than 60 days from date of liquidation. There was no fraud involved and, therefore, the liquidation is final. Reliquidation will result in a refund to the importer. See sec. 520.

The proposed amendment is as follows:

The reliquidation being illegal and void the Collector's decision to accept the check for $5,434.80 under the purported authority of the illegal reliquidation and/or his decision under the same purported authority to convert it (at that time or subsequently) into payment of increased duties constituted an illegal exaction under Sections 512 and 520 of the Tariff Act of 1930.

This protest is clearly untimely. It. is directed against the collector's reliquidation of April 10, 1943, and was not filed until August 9, 1943. It is therefore not within the statutory 60-day period provided in section 514 of the Tariff Act of 1930. It should be and is hereby dismissed. The protest being untimely, the motion to amend is denied.

The remaining protest, 108281–K, filed January 26, 1944, is directed against the liquidation or the "decision assessing, imposing or collecting duty, fees, or other exactions," and in this protest the reasons are given as follows:

Protest is hereby made against the failure of the Collector to keep the sum of $5,434.80, representing increased duties on the entry cited below, in a special deposit account as requested by the importer.

This protest is also directed against the Collector's refusal to refund the sum of $5,434.80.

The amendment is in the following language:

The check for $5,434.80 entrusted to the Collector of Customs in response to his unwarranted demand for that amount under a void reliquidation, should . have been held in special deposit in accordance with the terms of the tender and should not have been paid into the United States Treasury under Section 512 of the Tariff Act of 1930. As ruled by the Commissioner of Customs the reliquidation was void. Consequently, no duties could have been due under it and the special deposit should be returned. Protest is accordingly filed under Section 514 of said Act against the decision in the Collector of Custom's letter of January 19, 1944 not to return the said special deposit of $5,434.80.

It will be noted that the amendment relates to the same merchandise as is covered by the original protest. It is therefore a proper amendment if the protest itself is sufficient. *United States* v. *Macksoud Importing Co. et al.*, 25 C. C. P. A. (Customs) 44, T. D. 49041.

The claim that the collector erred in failing to keep the sum of $5,434.80 in a special deposit account is clearly untenable in view of the

provisions of section 512, *supra*, which require that "moneys paid to any collector for unascertained duties or for duties paid under protest against the rate or amount of duties charged shall be deposited to the credit of the Treasurer of the United States and shall not be held by the collectors to await any ascertainment of duties or the result of any litigation in relation to the rate or amount of duties legally chargeable and collectible in any case where money is so paid."

The alternative claim is directed against the collector's refusal to refund the sum of $5,434.80. The protest was filed January 26, 1944, against the collector's refusal of January 19, 1944, and is therefore timely. In the amendment, which is pertinent and which we hold should be and the same is hereby granted, the claims are made more specific. The gist of the amendment is that the reliquidation being void, no duties could have been due thereunder. In order to obtain a decision on the merits as to that issue, protest should have been filed within the statutory time after the reliquidation. Instead of adopting that course, plaintiff elected to apply to the Commissioner of Customs for relief. The collector's action in refusing to refund the sum in question, in the absence of protest against the reliquidation, without a showing of fraud or clerical error, is in conformity with the law (secs. 514 and 520, Tariff Act of 1930). Plaintiff's contention, as set forth in the brief filed, that this sum is an exaction is clearly untenable. Even if the collector's demand for the sum of $5,434.80 were an exaction (although we do not so hold), a protest against the same should have been filed within 60 days after the demand, under said section 514.

From the record it is apparent that plaintiff did not take advantage of the statutory remedy of timely protest which was available to him at the time of the collector's demand for the sum in question. He chose another course of action and appealed to the Commissioner of Customs for relief. It is regrettable that he finds himself in the present situation but under the law this court is unable to grant relief.

Protest 108281–K is overruled.

Judgment will be rendered in accordance with the above holdings.